**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| RAMON SINEGAL, | ) | NO. ED CV 13-240-RGK(E) |
| Petitioner, | ) | |
| v. | ) | ORDER OF DISMISSAL |
| L.S. McEWEN, Warden, | ) | |
| Respondent. | ) | |

On February 7, 2013, Petitioner filed a "Petition for Writ of Habeas Corpus By a Person in State Custody" ("the Petition"). On March 26, 2013, the Petition was reassigned to Magistrate Judge Charles F. Eick.

The Petition challenges Petitioner's 1996 state court conviction for first degree murder, two counts of attempted first degree murder, and shooting at an occupied vehicle (Addendum to Petition). Contrary to the denial stated at paragraph 10 of the Petition, Petitioner previously challenged this same conviction in a habeas petition filed in this Court in 2002. See Sinegal v. Roe, ED CV 02-783-RGK(MLG)

("the prior habeas action"). The Magistrate Judge in the prior habeas action recommended denial and dismissal of the prior petition with prejudice as untimely. On October 17, 2003, the District Judge filed an order accepting and adopting this recommendation. On October 20, 2003, the Court entered Judgment in the prior habeas action, denying and dismissing the petition with prejudice.

The Court must dismiss the present Petition in accordance with 28 U.S.C. section 2244(b) (as amended by the "Antiterrorism and Effective Death Penalty Act of 1996"). Section 2244(b) requires that a petitioner seeking to file a "second or successive" habeas petition first obtain authorization from the court of appeals. See Burton v. Stewart, 549 U.S. 147, 157 (2007) (where petitioner did not receive authorization from Court of Appeal before filing second or successive petition, "the District Court was without jurisdiction to entertain [the petition]"); Barapind v. Reno, 225 F.3d 1100, 1111 (9th Cir. 2000) ("the prior-appellate-review mechanism set forth in § 2244(b) requires the permission of the court of appeals before 'a second or successive habeas application under § 2254' may be commenced"). A petition need not be repetitive to be "second or successive," within the meaning of 28 U.S.C. section 2244(b). See, e.g., Thompson v. Calderon, 151 F.3d 918, 920-21 (9th Cir.), cert. denied, 524 U.S. 965 (1998); Calbert v. Marshall, 2008 WL 649798, at *2-4 (C.D. Cal. Mar. 6, 2008). The dismissal of a habeas petition as barred by the statute of limitations "constitutes an adjudication on the merits that renders future petitions under § 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." McNabb v. Yates, 576 F.3d 1028, 1030 (9th Cir. 2009). Petitioner evidently has not yet

1  obtained authorization from the Ninth Circuit Court of Appeals.
2  Consequently, this Court cannot entertain the present Petition.  See
3  Burton v. Stewart, 549 U.S. at 157.
4
5       For all of the foregoing reasons, the Petition is denied and
6  dismissed without prejudice.
7
8       LET JUDGMENT BE ENTERED ACCORDINGLY.
9
10           DATED: March 28, 2013.
11
12
13                    _____
14                           R. GARY KLAUSNER
                       UNITED STATES DISTRICT JUDGE
15
16
17 PRESENTED this 27th day of
18 March, 2013, by:
19
20 _____/S/_____
          CHARLES F. EICK
21 UNITED STATES MAGISTRATE JUDGE
22
23
24
25
26
27
28

3